UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CHARLES A. TREECE** | **CIVIL ACTION NO. 3:10-cv-1739** |
| **LA. DOC #349233** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **ATTORNEY GENERAL** | |
| **BUDDY CALDWELL, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Charles A. Treece, proceeding *in forma pauperis*, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 in October 2010. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Allen Correctional Center, Kinder, Louisiana, and through this proceeding he complains of conditions of confinement at that penal institution. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted. It is further recommended that appropriate **SANCTIONS** be imposed.

*Background*

On June 30, 2010, petitioner filed a *pro se* civil rights complaint complaining about conditions of confinement at the Allen Corrections Center – specifically, he alleged that he was being exposed to environmental tobacco smoke. He sought class action status and prayed for declaratory and injunctive relief against numerous defendants including Buddy Caldwell, Louisiana's Attorney General; James LeBlanc, the Secretary of the Louisiana Department of Public Safety and Corrections; The GEO Group, the owners of Allen Corrections Center; Wayne Calabrese, the CEO

of that corporation; Linda Ramsey, an LDOC official; and Wardens Terrell, Allemand, Cooley and Estes. He did not submit the filing fee and instead prayed for *in forma pauperis* status.

Since petitioner has previously been sanctioned under the "three strikes" provision of 28 U.S.C. §1915(g) by this Court and by the United States Fifth Circuit Court of Appeals, and, since he was unable to establish that he was "under imminent danger of serious physical injury," his request to proceed *in forma pauperis* was denied and he was directed to pay the full filing fee of $350.00 within twenty days of the July 6, 2010 order. [See *Treece v. Caldwell, et al.*, No. 3:10-cv-1066 at Docs. #1 (Complaint) and #8 (Memorandum Order)] He did not pay the requisite filing fee and his civil action was dismissed; thereafter, his appeal to the Fifth Circuit was dismissed for failing to comply with the Court's order directing him to pay the costs of his appeal. [*Id.*, Docs. #12 and #14]

Petitioner filed a series of post-judgment pleadings which were denied; petitioner then asked that his pleadings be construed as a petition for *habeas corpus* filed pursuant to 28 U.S.C. §2241. [*Id.*, Docs. #15-21] On October 28, 2010 the Clerk was directed to file the instant petition as a petition for writ of *habeas corpus*. [*Id*, Doc. #22]

In due course, the instant civil action was opened and assigned Docket Number 3:10-cv-1739. Petitioner was directed to utilize the forms provided by this Court for *habeas corpus* petitions and on December 13, 2010 he filed his petition on the appropriate form. [See Docs. #1-4] Petitioner claimed that his sentence is illegal because his continued exposure to environmental tobacco smoke is violative of the Eighth Amendment's prohibition of cruel and unusual punishment. [Doc. #4] Petitioner's request to proceed *in forma pauperis* was granted on December 16, 2010. [Docs. #5-6][1]

---

[1] The "three strikes" provision of the Prison Litigation Reform Act codified at 28 U.S.C. § 1915(g) does not apply to *habeas corpus* petitions. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997).

*Law and Analysis*

In order to obtain relief pursuant to 28 U.S.C. §2241, a prisoner must establish that he is "... in custody in violation of the Constitution or laws of treaties of the United States." 28 U.S.C. §2241(c)(3); see also 28 U.S.C. §2254(a). *Habeas corpus* provides the appropriate remedy for prisoners challenging their convictions or the duration of their sentences. *See Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Constitutional claims that challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief may not be raised in a *habeas* action and instead must be brought pursuant to 42 U.S.C. § 1983. *See Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004) (*per curiam*); *Preiser, supra*, at 498-499, 93 S.Ct. 1827; *Nelson v. Campbell*, 541 U.S. 637, 643, 124 S.Ct. 2117, 2122 (2004).

Put another way, Section 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *See Cook v. Texas Dep't of Crim. Justice*, 37 F.3d 166, 168 (5th Cir.1994). A *habeas* petition is the proper vehicle to seek release from custody. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989). The Fifth Circuit has adopted a bright-line rule for resolving whether a prisoner's claim should be properly characterized as a § 1983 claim or one for *habeas* relief – if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper action is a § 1983 suit. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir.1997) (citation omitted).

Petitioner complains of conditions of confinement and not the validity of his conviction or the duration of his sentence, and, a favorable determination would not entitle petitioner to immediate or accelerated release. Therefore, to the extent that he seeks *habeas corpus* relief, he fails to state a claim for which relief may be granted.

It is clear that petitioner is merely trying to circumvent the three-strike provisions of 28 U.S.C. §1915(g) by characterizing his conditions of confinement claim as a *habeas* action.

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted;

**IT IS FURTHER RECOMMENDED** that appropriate **SANCTIONS** be levied against the petitioner, Charles A. Treece, based upon his attempt to circumvent the three-strike provision of 28 U.S.C. §1915(g) by characterizing his Section 1983 complaint as a petition for *habeas corpus*.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe , Louisiana, February 8, 2011.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE