UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CHARLES A. TREECE** | **CIVIL ACTION NO. 3:10-cv-1739** |
| **LA. DOC #349233** | |
| **VERSUS** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **ATTORNEY GENERAL** | |
| **BUDDY CALDWELL, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

On June 30, 2010, Plaintiff Charles A. Treece ("Treece") filed a civil rights action pursuant to 18 U.S.C. § 1983 based on complaints of exposure to environmental tobacco smoke ("ETS"). However, Treece had three previous strikes for dismissal of civil rights actions as frivolous or for failure to state a claim, and he did not establish that he was in imminent danger of serious physical injury. Therefore, pursuant to 28 U.S.C. § 1915(g), the Court notified Treece that he was required to pay the filing fee or suffer dismissal of his action. He did not pay, and his action was dismissed by this Court. His appeal was also dismissed by the United States Court of Appeals for the Fifth Circuit after he failed to pay the costs of appeal.

Treece then filed a number of post-judgment pleadings in this Court. He asked that his filings be treated as a petition for writ of *habeas corpus*, and, on October 28, 2010, the Court directed the Clerk of Court to file Treece's pleadings as a *habeas* petition pursuant to 28 U.S.C. § 2241. Because the three-strikes provision does not apply to *habeas* proceedings, Treece was permitted to proceed *in forma pauperis* ("IFP"). In his filings, Treece complained that the ETS constituted a violation of the Eighth Amendment's prohibition against cruel and unusual

punishment and, thus, his custody violates the Constitution.

On February 8, 2011, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 7], recommending that the Court find that Treece's petition was yet another attempt to attack his conditions of confinement and that he failed to state a claim under 28 U.S.C. § 2241. She further recommended that Treece's petition be dismissed and that he be sanctioned for his failed attempt to circumvent the provisions of 28 U.S.C. § 1915(g).

On March 11, 2011, the Court issued a Judgment [Doc. No. 10] adopting the Report and Recommendation of Magistrate Judge Hayes. That same day, the Court issued an Amended Judgment [Doc. No. 11], at the request of the Clerk of Court, to delete the last sentence, which related only to the internal procedures of that Office. Under the Amended Judgment, Treece is "barred from filing any civil action in this court, and from filing any civil action in any other court that is removable or transferable to this court, without first obtaining written permission from a United States District Judge. If Petitioner wishes to file any other pleadings in this case or to file a new civil action, he must file a motion for leave to file accompanied by the proposed pleading." [Doc. No. 11].

Sometime before March 29, 2011, Treece attempted to appeal the Court's Amended Judgment, but filed his notice of appeal with the Fifth Circuit instead of the Clerk of Court of this Court. The Fifth Circuit returned Treece's notice of appeal and directed him to file his notice of appeal with the Clerk of Court for this Court. The standard form also stated that Treece had to obtain permission from the district judge if "permission to file" is necessary.

On April 1, 2011, Treece filed (by placing in the prison mail system) a "Motion for Permission to Appeal this courts [sic] Ruling on 3/11/11, as directed by the Fifth Circuit Court,

on March 29, 2011, See Exhibit Enclosed." [Doc. No. 12]. That motion is now pending before the Court.

Upon review,

IT IS ORDERED that his motion is GRANTED IN PART and DENIED IN PART. To the extent that Treece seeks leave to appeal to the Fifth Circuit, the motion is GRANTED, and Treece is permitted to appeal. In so ruling, the Court construes Treece's motion as a notice of appeal, which is timely filed. To the extent that Treece seeks to appeal IFP, the motion is DENIED. While Treece has attempted to characterize his action as a petition for writ of *habeas corpus*, it is a civil rights action, and, thus, he is barred from proceeding IFP by 28 U.S.C. § 1915(g).

If Treece disagrees with the Court's decision regarding his IFP status, he may seek review by the Fifth Circuit.

MONROE, LOUISIANA, this 18th day of April, 2011.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE